UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL SCHNEIDER AND
M&K FIBERGLASS, LLC,
           Plaintiffs,

                                                    No. 1:10-cv-211

-v-
                                                    HONORABLE PAUL L. MALONEY

NORTHERN GARAGE DOORS INC. AND
MICHAEL RAMSEY,
           Defendants.


### ORDER TO SHOW CAUSE WHY ENTRY OF DEFAULT SHOULD NOT BE VACATED

Plaintiffs filed this action on March 2, 2010 and a summons issued the same day. On March

10, 2010, Plaintiffs sent a copy of the summons and complaint Defendant Michael Ramsey via

certified mail. On March 13, Plaintiffs filed an amended complaint. No certificate of service of the

amended complaint has been filed with the court. On April 5, Plaintiffs filed proof of service of the

original complaint on Defendant Ramsey, along with an application for entry of default. Default

was entered by the clerk on April 6, 2010. Plaintiffs have now filed a motion for default judgment.

Rule 4(e) provides several methods for serving individuals. An individual may be served

with a copy of the summons and complaint by following state law for serving a summons. Fed. R.

Civ. P. 4(e)(1). An individual may also be served by delivering the documents to the defendant

personally (*Id.* 4(e)(2)(A)), by leaving a copy of the documents at the defendant's dwelling or usual

place of abode with someone of suitable age (*Id.* 4(e)(2)(B)), or by delivering the documents to a

legally authorized agent for the defendant (*Id.* 4(e)(2)(C)). Under the Michigan rules for service of

process, an individual may be served by sending a copy of the summons and complaint through

certified or registered mail, "return receipt requested, and delivery restricted to the addressee.

Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service." M.C.R. 2.105(A)(2). Ordinarily, an individual properly served has 21 days to file an answer to the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). However, when an amended pleading is filed, the required response "must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." *Id.* 15(a)(3).

Upon review of the electronic record, default appears to have been erroneously entered by the clerk. First, Plaintiffs have not provided the required proofs that Defendant Ramsey was served with the original complaint. The proofs filed along with Plaintiffs' application for entry of default do not show the certified mail was sent with delivery restricted to the defendant. Neither has a return receipt signed by the defendant been submitted to the court. Second, Plaintiffs have filed an amended complaint, nullifying the original complaint. *See Drake v. City of Detroit*, 266 F.App'x 444, 447-48 (6th Cir. 2008); *see also In re Atlas Van Lines, Inc.*, 208 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."). As noted above, no certificate of service of the amended complaint has been filed.

Accordingly, Plaintiffs shall **SHOW CAUSE** why the default entered in this action should not be vacated. Plaintiffs shall have fourteen (14) days from the date of this order to file any response. Should Plaintiffs fail to respond, this court may vacate the prior entry of default against Defendant Ramsey. **IT IS SO ORDERED.**

Date:   April 12, 2010                                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          Chief United States District Judge